UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MINDEN PICTURES, INC., <br><br> Plaintiff, <br><br> v. <br><br> INTERPAC YACHTS, INC., <br><br> Defendant. | Case No.: 20-cv-739-WQH-BLM <br><br> **ORDER** |

HAYES, Judge:

The matter before the Court is the *Ex Parte* Application for Alternate Service of Process and Additional Time to Serve the Summons and Complaint filed by Plaintiff Minden Pictures, Inc. (ECF No. 5).

**I.   BACKGROUND**

On April 17, 2020, Plaintiff Minden Pictures, Inc., filed a Complaint against Defendant Interpac Yachts, Inc., for copyright infringement under 17 U.S.C. § 501. (ECF No. 1).

On July 17, 2020, the Court issued an Order extending Plaintiff's time to serve Defendant with the summons and Complaint to September 15, 2020. (ECF No. 4).

On September 2, 2020, Plaintiff filed an *Ex Parte* Application for Alternate Service of Process and Additional Time to Serve the Summons and Complaint. (ECF No. 5).

1

Plaintiff requests that the Court allow service on Defendant by delivering a copy of the summons and Complaint to the Secretary of State and extend the time for service by thirty days. Plaintiff contends that it has diligently attempted to serve Defendant at the office listed on the State of Information filed with the Secretary of State and through Defendant's registered agent. Plaintiff contends that it attempted to locate other officers of Defendant but has been unsuccessful at finding reliable addresses to attempt service.

Collette Navasartian, an employee for the SRIPLAW firm that represents Plaintiff in this action, states in her Declaration that she "searched the California Secretary of State's website to locate [Defendant's] Registered Agent and address for service of process." (Navasartian Decl., ECF No. 5-4 ¶ 5). Jonah A. Grossbardt, counsel for Plaintiff, states in his Declaration that on May 6, 2020, a SRIPLAW "paralegal mailed the summons, complaint, notice and waiver of summons to [Defendant] via USPS." (Grossbardt Decl. ECF No. 5-2 ¶ 2). "[Defendant] did not respond." (*Id.*).

Grossbardt states that on June 19, 2020, Plaintiff hired a process server to serve Defendant through its CEO, CFO, Secretary, and Registered Agent for Service of Process, Kathy Gunn. (*Id.* ¶¶ 3, 6). On July 7, 2020, at 10:16 a.m., registered process server Richard Foss attempted to personally serve Defendant at 4918 North Harbor Drive, Suite 201B, San Diego, California, 92106. (Ex. 1 to Grossbardt Decl., ECF No. 5-3 at 2). Foss reported:

> I arrived at the location[.] I walked in the door and the subject was not there[.] [ ] Jane Doe front desk clerk for the company the subject shares an office with stated the office has been closed since COVID-19 and the owner never come[s] in the office.

(*Id.*). Foss made a second attempt to serve Defendant on July 10, 2020, at 3:35 p.m. Foss reported, "I arrived at the location and again there is no one in the owner[']s office[.] [T]he lights are off." (*Id.*). Foss made a third attempt to serve Defendant on July 13, 2020, at 1:31 p.m. Foss reported, "I arrived at the location there was no one in the office but the front desk clerk Jane Doe whom stated the owner still hasn[']t returned to the office." (*Id.*).

Navasartian states that she attempted to find an alternative address for Gunn or Defendant by running Gunn's name "through investigative software . . . . Many addresses were shown but a recent address was unavailable." (Navasartian Decl., ECF No. 5-4 ¶ 2). Navasartian states that she "searched many forms of social media including LinkedIn and Facebook to look for [Defendant] and Gunn's account and location." (*Id.* ¶ 7). Navasartian "also searched social media to try to identify other members of the business which service could be effectuated on. These efforts were ultimately unsuccessful." (*Id.*).

## II. LEGAL STANDARD

Pursuant to Rule 4(e) of the Federal Rules of Civil Procedure, a plaintiff may serve process by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made[.]" Fed. R. Civ. P. 4(e)(1). Pursuant to Rule 4(h), a corporation must be served according to Rule 4(e) or "by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process . . . ." Fed. R. Civ. P. 4(h)(1)(A)-(B). Pursuant to section 1702(a) of the California Corporations Code,

> If an agent for the purpose of service of process has resigned and has not been replaced or if the agent designated cannot with reasonable diligence be found at the address designated for personally delivering the process, or if no agent has been designated, and it is shown by affidavit to the satisfaction of the court that process against a domestic corporation cannot be served with reasonable diligence upon the designated agent by hand in the manner provided in Section 415.10, subdivision (a) of Section 415.20 or subdivision (a) of Section 415.30 of the Code of Civil Procedure or upon the corporation in the manner provided in subdivision (a), (b) or (c) of Section 416.10 or subdivision (a) of Section 416.20 of the Code of Civil Procedure, the court may make an order that the service be made upon the corporation by delivering by hand to the Secretary of State, or to any person employed in the Secretary of State's office in the capacity of assistant or deputy, one copy of the process for each defendant to be served, together with a copy of the order authorizing such service.

Cal. Corp. Code § 1702(a). Sections 415.10, 415.20, and 415.30 of the California Code of Civil Procedure provide the rules for personal service and service by mail on an individual.

Sections 416.10 and 416.20 of the California Code of Civil Procedure provide the rules for service on a corporation. In addition to delivery to a designated agent, section 416.10 provides that a summons may be served on a corporation "[t]o the president, chief executive officer, or other head of the corporation, a vice president, a secretary or assistant secretary, a treasurer or assistant treasurer, a controller or chief financial officer, a general manager, or a person authorized by the corporation to receive service of process." Cal. Civ. Proc. Code § 416.10(b). "[A]s a condition precedent to the issuance of an order for such substituted service," a plaintiff's affidavit must establish that "the corporation cannot be served with the exercise of due diligence in any other manner provided by law." *Batte v. Bandy*, 165 Cal. App. 2d 527, 535 (1958).

### III. RULING OF THE COURT

In this case, Plaintiff has presented evidence that it diligently attempted to serve Defendant since May 6, 2020. Plaintiff has presented evidence that it attempted to serve Defendant at its address registered with the Secretary of State by mail and attempted to personally serve Defendant's CEO, CFO, Secretary, and Registered Agent for Service three times in July. Plaintiff has presented evidence that it attempted to locate other addresses for Defendant and for other agents or officers of Defendant. The Court concludes that Plaintiff has demonstrated that Defendant cannot be served with the exercise of due diligence and that substituted service upon the Secretary of State is appropriate. *See id.* The Court further concludes that good cause exists to extend the time for service of process.

///

///

///

///

IT IS HEREBY ORDERED that the *Ex Parte* Application for Alternate Service of Process and Additional Time to Serve the Summons and Complaint filed by Plaintiff Minden Pictures, Inc. (ECF No. 5) is granted. Plaintiff shall serve a copy of the summons and Complaint on Defendant by alternative service through the Secretary of State. Plaintiff shall have an additional thirty (30) days, up to and including October 15, 2020, to serve Defendant through the Secretary of State.

Dated: September 8, 2020

Hon. William Q. Hayes
United States District Court